REGAN, Judge.
Plaintiff, Louis Brantman, a building contractor, instituted this suit against the defendant, Mrs. Gertrude Conway, endeavoring to recover the unpaid balance due on two contracts to repair and remodel her residence [1]; he asserted that he was prevented from complying with the terms thereof since the defendant had cancelled the contracts, but that the work up to that time had been performed in a skillful manner.
The defendant answered and admitted the existence of the contracts but declared that the plaintiff had been paid in full for that portion of the work performed up to the time the contracts were abrogated. She also insisted that he had not performed what was actually done on the job in a workmanlike manner.
She then reconvened for the sum of $7,-550.00, representing the cost of correcting the defective work and damages which she incurred in consequence thereof.
From a judgment in favor of the plaintiff for the sum of $1,571.16, together with the award of an expert’s fee in the amount of $50.00, the defendant has prosecuted this appeal.
The plaintiff has answered the appeal and requested the imposition of a penalty for the prosecution of a frivolous appeal by the defendant.
The facts as reflected by the record are relatively simple. In the fall of 1958 the plaintiff contracted with the defendant to repair and remodel her residence for the sum of $3,244.00, as is evidenced by two written contracts. She subsequently paid on account thereof the sum of $850.00.
In the course of the performance of these contracts by the plaintiff, his workmen were not permitted to complete their work by the defendant who erroneously believed that it was unsatisfactory. She therefore can-celled the contracts as she had a right to do in conformity with the rationale of the codal law[2] of this state. Hence this suit.
On the trial thereof the plaintiff testified that when this contract was cancelled by the defendant, he had performed the work in a workmanlike manner and that he had incurred “out of pocket” expenses in the amount of $1,389.30 to which was added, as is customary in his trade, twenty per cent for profit.[3]
Robley Gelpi, a building expert, appeared on behalf of the plaintiff and related that an examination of the residence disclosed that the work performed by the plaintiff was good and workmanlike in all respects.
The defendant, in general, related that the work was unsatisfactory. Joseph Len- *484 nox, a building expert, examined the premises on behalf of the defendant, but he was never requested to appear as a witness. Joseph S. Geeck, Jr., a contractor, appeared on behalf of the defendant and related that the work was generally defective but conceded that these defects could have been corrected before completion of the contracts.
Predicated on the foregoing testimony the trial court found that the defendant had cancelled the contracts and that the plaintiff had established by a preponderance of the evidence that his work was performed in an acceptable and workmanlike manner, and therefore awarded him the sum of $1,571.16, together with an expert’s fee of $50.00.
The question which this appeal has posed for our consideration is whether these findings of the trial court are so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the dispute. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and that the conclusion reached by the trial court, on the merits of the controversy, is correct.
However, we notice that the trial court erred in computing the sum of the “out of pocket” expenses, which amounted to $1,-389.30 plus twenty per cent profit thereon [4] The judgment, as rendered, was for the sum of $1,571.16. The correct amount should have been $1,667.16.
We also notice that the trial court erred in failing to allow the defendant a credit of $850.00 which she had paid on account of the contracts before their cancellation and therefore the award contained in the judgment of the trial court should have been for $817.16, rather than for the sum of $1,-571.16.
Obviously there is no merit to the plaintiff’s request for the imposition of penalties for a frivolous appeal since we have, as a result of the appeal, amended the judgment in favor of the defendant.
For the reasons assigned, the judgment of the lower court insofar as it awarded the plaintiff the sum of $1,571.16 is amended so as to decrease this amount to the sum of $817.16, and as thus amended, it is in all other respects affirmed; the plaintiff to bear the costs of this appeal, all other costs to be paid by the defendant.
Amended in part.
Affirmed in part.

. This property is located at 4524 So. Miro Street in the City of New Orleans.

. “The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.” LSA-R.C.C. Art. 2765. Also, see Gowan v. Stone & Webster Engineering Corp., 217 La. 1085, 48 So.2d 95 (1950), Wiekliffe v. Cooper & Sperier, 167 La. 689, 120 So. 52 (1929), Dugue v. Levy, 114 La. 21, 37 So. 995 (1904), 7 Louisiana Law Review, 575.

. This testimony stands uneontradieted in the record.

. Twenty per cent of $1,389.30 amounts to the sum of $277.86 or a total of $1,667.16.